UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2007 SEP 17 PM 3: 55
U.S. DISTR... COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH
  Plaintiff

-v-

CASE NO.
6:07-CV-1483-ORL-22KRS

CAVALRY PORTFOLIO SERVICES, LLC
a Delaware Corporation;
NATIONAL ACTION FINANCIAL SERVICES, INC.,
a Georgia Corporation;
KRISTIN PAPP,
a natural person;
TODD YORK,
a natural person;
DON STRAUCH,
a natural person.
  Defendants

## COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, Cavalry Portfolio Services, LLC, a Delaware Corporation; National Action Financial Services, Inc., a Georgia corporation; Kristin Papp, a natural person, Todd York, a natural person, and Don Strauch, a natural person; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.55 *et seq.*; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; and for declaratory and injunctive relief.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p); and 15 U.S.C. §1692. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

6. Defendant, CAVALRY PORTFOLIO SERVICES, LLC ("Cavalry"), is a Delaware Corporation, authorized to do business in Florida. Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC. ("NAFS"), is a Georgia Corporation, authorized to do business in Florida. Defendant, KRISTIN PAPP ("Papp") is a natural person. Defendant, TODD YORK ("York") is a natural person. Defendant, DON STRAUCH ("Strauch"), is a natural person.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. In December 2003 Defendant Cavalry sent a letter to Plaintiff demanding payment of $12,374.44.

9. About the same time, Defendant Cavalry began reporting false information to the credit reporting agencies, Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes.

10. On January 5, 2004 Plaintiff sent Defendant Cavalry a letter demanding validation of the alleged debt.

11. Defendant Cavalry provided Plaintiff no validation yet continued to attempt to collect on the alleged debt, specifically by letters on July 2, 2004, September 22, 2004, and February 17, 2005, and by phone calls on February 17, 2005 and March 1, 2005.

12. During the latter phone calls, Plaintiff again demanded that Defendant Cavalry validate the alleged debt and discontinue reporting false information to the credit reporting agencies. Defendant Cavalry refused to do either.

13. On August 16, 2006, Plaintiff spoke with Cavalry supervisor Papp and once again demanded that Defendant Cavalry validate the alleged debt and discontinue reporting false information to the credit reporting agencies. Papp indicated that she would provide validation of the alleged debt but would not change the reports to the credit reporting agencies.

14. On August 18, 2006, Defendant Cavalry mailed Plaintiff documents that did not validate the alleged debt.

15. On August 29, 2006 Plaintiff spoke with another representative of Cavalry and once again demanded that Defendant Cavalry validate the alleged debt and discontinue reporting false information to the credit reporting agencies. The representative indicated that she would provide validation of the alleged debt but would not change the reports to the credit reporting agencies.

16. On August 29, 2006, Defendant Cavalry mailed Plaintiff documents that did not validate the alleged debt.

17. On June 6, 2007, Plaintiff spoke with Cavalry employee York and once again demanded that Defendant Cavalry validate the alleged debt and discontinue reporting false information to the credit reporting agencies. York refused to do either.

18. On June 7, 2007 Plaintiff sent a letter entitled "NOTICE OF PENDING LAWSUIT" to Defendant Cavalry demanding that it and Defendants Papp, York, and Strauch cease violating federal and state law at Plaintiff's expense. The letter was sent by certified mail and received by Defendant Cavalry on June 11, 2007. Copies of the letter were also sent to Defendants Papp, York, and Strauch. Defendant Strauch is identified as the manager of Cavalry on the Florida Division of Corporations website.

19. No response was received by Plaintiff to the above letters.

20. On August 28, 2007, Defendant NAFS sent a letter to Plaintiff attempting to collect on the alleged debt.

21. On August 30, 2007, Defendant NAFS obtained Plaintiff's credit report with credit reporting agency Equifax, despite having no permissible purpose to do so.

22. On September 4, 2007 NAFS called and left a message on Plaintiff's voicemail but did not identify themselves.

23. On September 4, 2007 Plaintiff sent NAFS a letter by certified mail demanding that it validate the alleged debt. It was received on September 11, 2007.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS CAVALRY, NAFS, PAPP, YORK, AND STRAUCH

24. Paragraphs 1 through 23 are realleged as though fully set forth herein.

25. Defendants Cavalry, NAFS, Papp, York, and Strauch are debt collectors within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692(a).

26. Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C. §1692(k).

WHEREFORE, Plaintiff demands judgment for damages against Defendants Cavalry, NAFS, Papp, Strauch, and York for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692(k).

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.55

**BY DEFENDANTS CAVALRY, NAFS, PAPP, YORK, AND STRAUCH**

27. Paragraphs 1 through 23 are realleged as though fully set forth herein.

28. Defendants Cavalry, NAFS, Papp, York, and Strauch are debt collectors within the meaning of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.55.

29. Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to actual and statutory damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Cavalry, NAFS, Papp, Strauch, and York for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

**COUNT III**
**VIOLATION OF FAIR CREDIT REPORTING**
**ACT (FCRA), 15 U.S.C. §1681**
**WILLFUL NON-COMPLIANCE BY DEFENDANT CAVALRY**

30. Paragraphs 1 through 23 are realleged as though fully set forth herein.

31. Defendant Cavalry is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681(s).

32. Plaintiff has for several years disputed incorrect information that Defendant Cavalry has reported to the three credit reporting agencies, Equifax, Experian, and Trans Union.

33. Despite dozens of such disputes, Defendant Cavalry has failed to investigate Plaintiff's disputes and has numerous times refused to indicate that the account was in dispute.

34. Plaintiff contends that the Defendant Cavalry has violated the FCRA by repeatedly and willfully issuing false consumer credit reports concerning Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Cavalry for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681(n).

**COUNT IV**
**DECLARATORY RELIEF SOUGHT**

35. Declaratory relief is provided by 28 U.S.C. §2201 and 28 U.S.C. §2202

Wherefore, Plaintiff demands that the Court issue a declaratory judgment that Defendants Cavalry, NAFS, Papp, York, and Strauch have violated the FDCPA; and that Defendant Cavalry has violated the FCRA.

## COUNT V
## INJUNCTIVE RELIEF SOUGHT

36. Injunctive relief is provided by 15 U.S.C §1681 and 15 U.S.C. §1692.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants Cavalry, NAFS, Papp, York, and Strauch from attempting to collect on any alleged debt; and Plaintiff demands that the Court, mandatorily, enjoin Defendant Cavalry to permanently delete any derogatory information on Plaintiff's credit reports that are inaccurate, misleading, and/or unverifiable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 17, 2007

Respectfully submitted,

*[signature: Larry Rumbough]*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859