UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,
    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,
a Delaware Corporation;
NATIONAL ACTION FINANCIAL SERVICES, INC.,
a Georgia Corporation;
KRISTIN PAPP,
a natural person;
TODD YORK,
a natural person;
DON STRAUCH,
a natural person.
    Defendants
_____/

Case No.: 6:07cv1483-ORL-22-KRS

## ANSWER TO COMPLAINT

COMES NOW the Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC., hereinafter, "NAFS", only by and through undersigned counsel, and for it's answer to the Complaint herein states as follows:

1. Denied.

2. Without knowledge as to the allegation regarding supplemental jurisdiction over state law claims, therefore denied; the remainder of the allegation herein are admitted for jurisdictional purposes only.

3. Admitted for venue purposes only;

21307896v1 882137

21309229v1 883144

4. Denied that Plaintiff has a cause of action against this Defendant.

5. Without knowledge, therefore denied.

6. Admitted that Defendant, NAFS, is a Georgia corporation, authorized to do business in Florida.

7. Denied.

8. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

9. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

10. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

11. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

12. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

13. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

14. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

15. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

16. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

21307896v1 882137

21309229v1 883144

17. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

18. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

19. NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

20. Admitted.

21. Denied.

22. Denied.

23. Admitted.

## COUNT I

24. NAFS repeats and realleges its answers to the preceding paragraphs 1 through 23 as though the same were set forth herein word for word.

25. NAFS admits that it is a debt collector.

26. Denied.

WHEREFORE, NAFS respectfully requests that the Court enter judgment in its favor, dismiss the Complaint with prejudice and award it costs and attorneys fees.

## COUNT II

27. NAFS repeats and realleges its answers to the preceding paragraphs 1 through 23 as though the same were repeated herein word for word.

28  Admitted that NAFS is a debt collector.

29  Denied.

WHEREFORE, NAFS respectfully requests that the Court enter judgment in its favor, dismiss the Complaint with prejudice and award it costs and attorneys fees.

## COUNT III

30   NAFS repeats and realleges its answers to the preceding paragraphs 1 through 23 as though the same were repeated herein word for word.

31.   NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

32   NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

33   NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

34.   NAFS makes no answer to the allegations of this paragraph, as said allegations do not relate to NAFS.

WHEREFORE, NAFS, respectfully requests that this Court enter judgment in its favor, dismiss the Complaint with prejudice of Defendant, and award costs and attorney's fees.

## COUNT IV

35.   Denied

WHEREFORE, NAFS respectfully requests that this Court enter judgment in its favor, dismiss the Complaint with prejudice and award it cost and attorneys fees.

## COUNT V

36.   Denied.

WHEREFORE, NAFS respectfully request that this Court enter judgment in its favor, dismiss the Complaint with prejudice and award it cost and attorneys fees.

## DEMAND FOR TRIAL BY JURY

Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC., hereby demands trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2007, I electronically filed the forgoing document with the Clerk of the Court by using CM/ECF and a true and correct copy of the foregoing has been furnished by U.S. Mail to Plaintiff, LARRY RUMBOUGH, 840 Lilac Trace Lane, Orlando, FL 32828.

s/James I. Sullivan
James I. Sullivan
Florida Bar No. 0904430
jsullivan@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, Florida 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Attorneys for Defendant
*National Action Financial Services, Inc.*

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a cause of action against this defendant in that the Complaint is vague and conclusory, and fails to specifically set forth the alleged violative acts of Defendant and a theory of causation and damages resulting therefrom.

2. The Complaint is not in compliance with Federal Rule of Civil Procedure 10(c), in that several essential documents referenced either directly or indirectly therein are not attached thereto.

3. Plaintiff has failed to mitigate his damages, if any.

4. Plaintiff has failed to state a claim upon which relief can be granted

5. This Courts lacks jurisdiction to grant the injunctive relief that the Plaintiff seeks under the Fair Credit Reporting Act, 15 USC §1681.

6. Plaintiff's claim is or may be barred by the applicable Statute of Limitations.

7. Defendant denies all liability, as previously set forth herein, and avers that at all times it has acted in conformity with the requirements of the Federal Trade commission, and all other applicable law.

Defendant reserves the right to assert any and all other affirmative defenses that become known through the course of discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Plaintiff, LARRY RUMBOUGH, 840 Lilac Trace Lane, Orlando, FL 32828, this 4th day of December, 2007.

s/James I. Sullivan

21307896v1 882137

21309229v1 883144

                                     James I. Sullivan
                                     Florida Bar No. 0904430
                                     jsullivan@hinshawlaw.com
                                     HINSHAW & CULBERTSON LLP
                                     100 South Ashley Drive
                                     Suite 500
                                     Tampa, Florida 33602
                                     Telephone: 813-276-1662
                                     Facsimile: 813-276-1956
                                     Attorneys for Defendant
                                     *National Action Financial Services, Inc.*